UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 19-CV-861 (RRM) (RER)

---

FREEDOM MORTGAGE CORPORATION,

Plaintiff,

VERSUS

TIMOTHY GREGG AND NASSAU COUNTY CLERK,

Defendants.

---

**Summary Report & Recommendation**

July 24, 2020

---

TO THE HONORABLE ROSLYNN R. MAUSKOPF
CHIEF UNITED STATES DISTRICT JUDGE

**RAMON E. REYES, JR., U.S.M.J.:**

This is a seemingly routine mortgage foreclosure action, subject matter jurisdiction over which is predicated upon diversity, 28 U.S.C. §1332. (Dkt. No. 1, Complaint ("Compl.", ¶7). Plaintiff Freedom Mortgage Corporation's ("Freedom Mortgage") motion for summary judgment against defendant Timothy Gregg ("Gregg") is currently *sub judice* before Your Honor. (Dkt. Nos. 22, 27, and Order dated 1/27/2020). Your Honor has referred to me Freedom Mortgage's motion for default judgment against the Nassau County Clerk. (Order Referring Motion dated 1/21/2020). Given Your Honor's familiarity with this case, I will dispense with a discussion of the facts, background and legal standards. For the reasons which follow, I respectfully recommend that the motion for default judgment be denied.

1

With respect to the Nassau County Clerk, Freedom seeks a judgment requiring the Clerk to "index" the "Deed . . ., Mortgage . . ., New Money Mortgage . . ., Assignment of Mortgage . . ., [and] Consolidation, Extension and Modification Agreement" against Lots 240 *and 252*. (Compl. at ¶22; *see also* Dkt. No. 24 at p.). Currently, the Deed, Mortgage and other relevant documents are "indexed" only against Lot 240. Freedom mortgage contends that "[i]t was the intent of the parties to encumber the property *as described in said legal description*" as against both Lots 240 and 252, and "[t]hrough inadvertence and mistake" the documents were only recorded against Lot 240. (Compl. at ¶21 (emphasis added); *see also* Dkt. No. 24). Gregg denies this allegation. (Dkt. No. 10, Answer ¶5). Through its default, the Nassau County Clerk has not answered this factual allegation. Nevertheless, there are at least two problems with Freedom Mortgage's motion that warrant its denial.

First, all of the documents incorporated by reference in the Complaint, including the November 20, 2017 Deed, November 10, 2017 Mortgage, November 20, 2017 Mortgage, November 10, 2017 Assignment of Mortgage, and November 10, 2017 Consolidation (Compl. ¶¶ 9-14; Dkt. No. 25), make no reference whatsoever to "Lot 252." Rather, they refer, if at all, to Lot 240, thus indicating that the "parties" intended to encumber only Lot 240, and not Lot 252. The only document referenced anywhere in the motion papers which refers to "Lot 252" is the February 6, 2019 assignment of mortgage from Mortgage Electronic Registration Systems, Inc. ("MERS") to MERS, which surprisingly is not incorporated into the Complaint. (Dkt. No. 25-2 at p. 45-46; Compl.). This purported assignment of mortgage is not signed by Gregg, let alone the Nassau County Clerk. Thus, it is questionable that the "parties" to the relevant transactions (the notes and mortgages) -- Freedom Mortgage and Gregg -- intended to encumber Lot 252. Perhaps the "parties" to the assignment of mortgage, *i.e.*, MERS to MERS, intended to do so, but that is

2

irrelevant to the instant action. There is no indication in the Complaint or documents referenced therein that Freedom Mortgage, Gregg or the Nassau County Clerk intended as such. At the very least, there is an internal contradiction in the Complaint as to whether Lot 252 was intended to be so encumbered. Accordingly, no default judgment against the Nassau County Clerk should enter.[1] *E.g., J&J Sports Productions, Inc. v. Exclusive Lounge & Grill, Inc.,* No. 15-cv-6534 (ILG) (VMS), 2017 WL 1082416, *3 (E.D.N.Y. Mar. 22, 2017) (where documents incorporated by complaint flatly contradict its allegations, default is properly denied).

Second, the relief Freedom Mortgage seeks vis-à-vis recording or "indexing" of documents against whatever "Lots" were subject to the loans, mortgages, and modifications, is more appropriately handled in the main action against Gregg, not a separate default judgment against the Nassau County Clerk. The Nassau County Clerk has defaulted, there is no question about that. The Clerk is, however, a disinterested party. As the saying goes, "it has no dog in this fight." At the end of the day, if Your Honor determines that Freedom Mortgage is entitled to foreclose on the relevant loans and mortgages on Lot 252, then an appropriate order should issue as against the Nassau County Clerk to record the requisite documents against that Lot. Until that time, it would be inappropriate and premature to enter any judgment against the Clerk. Quite simply, now is not the time.

## **CONCLUSION**

For the foregoing reasons, I respectfully recommend that Freedom Mortgage's motion for default judgment be denied without prejudice. Any objections to the recommendations made in

---

[1] There is also a significant question as to whether the "legal description" of the property in the relevant documents applies to Lot 252, or even to Lot 240. The legal description in the documents refers to Lots 139, 140, and 141. (Dkt. No. 25-2, pp. 42.) It may be that the legal description and designation of the Lots changed over time, but there are no allegations as such and the Court is at a disadvantage in determining whether the relief Freedom Mortgage seeks is permissible. Quite simply, the Court cannot determine from the information provided by Freedom Mortgage which Lot is which, and whether the relief requested is warranted.

this Report must be filed with the Clerk of the Court and the Honorable Roslynn R. Mauskopf within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

    RESPECTFULLY RECOMMENDED.

**/s/   Ramon E. Reyes, Jr.**

RAMON E. REYES, JR.
United States Magistrate Judge
Dated: July 24, 2020
      Brooklyn, NY